IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD C. ACKOUREY, JR., | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 13-2315 |
| | : | |
| RAJA FASHIONS BESPOKE | : | |
| TAILORS, et al., | : | |
|     Defendants. | : | |

September  11 , 2014                                           Anita B. Brody, J

**MEMORANDUM**

Plaintiff Richard C. Ackourey, Jr. brings suit against Defendants Raja Bespoke Tailors and Raja Daswani, asserting claims of copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501, *et seq*. On March 5, 2014, the Clerk of Court entered default against Defendants for their failure to respond to the Complaint. Following entry of default, Ackourey filed a motion for entry of default judgment. On September 10, 2014, the Court conducted a hearing on Ackourey's motion. For the reasons set forth below, I will grant Ackourey's motion for default judgment.

**I.  BACKGROUND**

Plaintiff Richard Ackourey is the sole member and owner of Graphic Styles/Styles International LLC ("Graphic Styles"). In 2005, Ackourey prepared, published, and distributed the Graphic Styles International Stylebook, Best of Seasons through Spring and Summer 2005 ("2005 Stylebook). In 2006, Ackourey prepared, published, and distributed the Graphic Styles International Stylebook, Best of Seasons 2006 ("2006 Stylebook"). The 2005 Stylebook and 2006 Stylebook ("Stylebooks") contain hundreds of images of drawings of men's and women's fashion clothing styles. Ackourey owns the compilation copyrights to both Stylebooks.

The following statement appears on the first page of both Stylebooks: "The images found in the Styles International Stylebook may not be reproduced in any form or by any means – graphic, electronic, or mechanical, including photocopying or information storage and retrieval systems – without the expressed written consent and permission of the copyright holder." Compl. ¶ 27. The first page of the 2006 Stylebook also contains the message: "I encourage you to use this book to enhance your business, however, please do it legally. . . . Any unlawful use or violation of the copyright laws for these illustrations will be prosecuted to the fullest extent of the law." *Id.* at ¶ 28. The margin of each page in the Stylebooks also contains the following copyright notice, "© Copyright, Graphic Fashions Inc. Phila., PA."

Ackourey sells copies of the Stylebooks to tailors and tailored clothing businesses. He also uses images in his Stylebooks to make custom books for clients. Additionally, he sells licenses for the use of the images in the Stylebooks. His licensing fee for one year of use is $1,850.00 for an illustration and $2,500 for a cover illustration. Renewal fees for each additional year of use are set at $600 for an illustration and $825 for a cover illustration.

Defendant Raja Fashions Bespoke Tailors ("Raja Fashions") is a business located in Hong Kong that sells custom tailored clothing for women and men. Raja Fashions has made suits for individuals including, David Beckham and Prince Charles. Raja Fashions employs between 400 to 500 tailors, and makes over 50,000 suits a year. Defendant Raja Daswani is the owner of Raja Fashions.

Beginning on April 25, 2013, Defendants placed on their website, Raja-Fashions.com, approximately 85 images that were copied from Ackourey's Stylebooks. Defendants did not obtain permission to use these images from Ackourey, nor did they attribute the images as belonging to Ackourey. Instead, they passed the images off as their own and placed the

following notice, "© 2011 Raja Fashions," on each separate webpage containing images copied from the Stylebooks. In June 2014, Raja Fashions ceased using any of Ackourey's copyrighted images.

Ackourey alleges that Defendants are liable for copyright infringement. Ackourey requests entry of default judgment in the amount of $300,000 in statutory damages, $9,485 in attorney's fees, and $373.60 in costs.[1]

## II.  LEGAL STANDARD FOR DEFAULT JUDGMENT

"It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

 "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotation marks omitted). "While these well-pleaded allegations are admitted and accepted, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks." *E. Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citations omitted) (internal quotation marks omitted). Indeed, "a party entitled to

---

[1] In his motion for default judgment, Ackourey initially sought a permanent injunction against Defendants to prevent future infringement of his Stylebooks. However, during the hearing held on September 9, 2014, Ackourey withdrew his request for a permanent injunction because Defendants are no longer infringing his copyrights.

judgment by default is required to prove the amount of damages that should be awarded."
*Oberstar v. F.D.I.C.*, 987 F.2d 494, 505 n.9 (8th Cir. 1993) (citing Fed. R. Civ. P. 55(b)(2)).

## III. DEFAULT JUDGMENT

Entry of default judgment is appropriate in this case because Defendants' failure to respond prejudices Ackourey by preventing him from establishing liability by any other means, signifies the absence of any litigable defense, and indicates culpable conduct. *Teri Woods Publishing, L.L.C. v. Williams*, No. 12-4854, 2013 WL 6179182, at *2 (E.D. Pa. Nov. 25, 2013); *Bibbs v. Sec. Atlantic Mortg. Co., Inc.*, No. 10-0346, 2012 WL 3113975, at *2 (E.D. Pa. Aug. 1, 2012).

Because entry of default judgment will be granted, the facts in the Complaint are taken as true. "To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). "Copying refers to the act of infringing any of the exclusive rights that accrue to the owner of a valid copyright, as set forth at 17 U.S.C. § 106, including the rights to distribute and reproduce copyrighted material." *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 207 (3d Cir. 2005) (internal quotation marks omitted). The Complaint alleges that Defendants unlawfully posted on their website copyrighted images belonging to Ackourey. Accordingly, the Complaint establishes that Defendants engaged in copyright infringement.

## IV. STATUTORY DAMAGES

A copyright owner is entitled to recover the actual damages suffered plus any profits of the infringer that are the result of the infringement and are not included in the calculation of the actual damages. 17 U.S.C. § 504(b). Alternatively, a copyright owner may elect to recover

statutory damages for the infringement.  *Id.* at § 504(c)(1).  If a copyright owner elects to recover statutory damages, s/he may recover not less than $750 and not more than $30,000 for each infringed work.  *Id.*  "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  *Id.* at 504(c)(2).  All the parts of a compilation constitute one work for purposes of calculating statutory damages.  *Id.* at 504(c)(1).

Ackourey seeks to recover a statutory damage award for the 2005 Stylebook and the 2006 Stylebook, both of which are compilations and each of which constitute one work for the purposes of calculating statutory damages.  Ackourey argues that Defendants willfully infringed his copyrights, and seeks to recover the statutory maximum award of $150,000 for infringement of each Stylebook.  Thus, he seeks a total damages award of $300,000.

A defendant willfully commits copyright infringement if he actually or constructively knows that his actions constitute an infringement.  *Teri Woods*, 2013 WL 6179182, at *3; *Gramger v. One Call Lender Servs., LLC*, No. 10-3442, 2012 WL 3065271, at *2 (E.D. Pa. July 26, 2012); *Evony, LLC v. Holland*, No. 11-00064, 2011 WL 1230405, at *5 (W.D. Pa. Mar. 31, 2011) (citing *N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992)).  In this case, both Stylebooks contained warnings prohibiting the copying of any images in the books without consent.  Additionally, the margin of each page contained a notice that the images were copyright protected.  Despites these warnings and notices, Defendants reproduced approximately 85 images from the Stylebooks, removed Ackourey's copyright notice on the images, and replaced it with the following false copyright notice, "© 2011 Raja Fashions." Ackourey's warnings and notices provided actual notice to Defendants that these images were

copyrighted and that reproduction of them would be unlawful. Defendants' decision to disregard these warnings and notices and to replace Ackourey's copyright notice with their own notice indicates Defendants' willful and flagrant infringement. Thus, Ackourey is entitled to recover statutory damages of up to $150,000 for infringement of each Stylebook.

The following factors are relevant to determining the appropriate amount of statutory damages to award: (1) the associated expenses saved and the profits reaped by the defendant as a result of the infringement; (2) revenues lost by the plaintiff; (3) the strong public interest in insuring the integrity of the copyright laws; and (4) whether the infringement was willful and knowing or, whether it was innocent and accidental. *See Teri Woods*, 2013 WL 6179182, at * 3; *Microsoft Corp. v. Gonzales*, No. 06-4331, 2007 WL 2066363, at *5 (D.N.J. July 13, 2007); *Universal City Studios, Inc. v. Ahmed*, No. 93-3266, 1994 WL 185622, at * 3 (E.D. Pa. May 13, 1994). These factors are not of equal weight, and courts tend to focus on a defendant's intent in making their award determination. *See id.* "Statutory damages should exceed the unpaid license fees so that defendant will be put on notice that it costs less to obey the copyright laws than to violate them." *Microsoft*, 2007 WL 2066363, at * 6. Moreover, the statutory damage award "must have a deterrent value as well as a compensatory value if the integrity of the copyright laws is to be preserved." *Id.*

As discussed previously, Defendants flagrantly and intentionally infringed Ackourey's copyrights. Ackourey alleges that Defendants began their infringement on April 25, 2013 and ceased their infringement in June 2014. Defendants illegally copied approximately 85 images from the Stylebooks. The cost to Defendants to license each image for the first year would have been $1,850 per an image for a total of $157,250. The cost to Defendants to license each of the 85 images for the additional year would have been $600 per an image for a total of $51,000. The

total cost to Defendants to have licensed these images for two years would have been $208,250. Thus, any statutory damages award must exceed $208,250 in order to show Defendants that it costs less to obey the copyright laws than to violate them. Given the amount that Defendants would have had to pay to license these images, awarding a maximum statutory damages award of $300,000 is reasonable because it will have the dual effect of compensating Ackourey as well as deterring future infringers. Therefore, I will grant Ackourey's request for entry of default judgment in the amount of $300,000.

**V.  ATTORNEY'S FEES AND COSTS**

Ackourey seeks to recover attorney's fees and costs. The Copyright Act provides that a court may, in its discretion, award costs and attorney's fees to the prevailing party. 17 U.S.C. § 505.

It is the district court's job to determine whether a fee is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. . . . The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.*

In determining whether an attorney is requesting a reasonable hourly fee, the Court of Appeals for the Third Circuit and several courts in the Eastern District of Pennsylvania have relied upon the Philadelphia Community Legal Services' fee schedule ("CLS Fee Schedule") for guidance. *Harris v. Paige*, No. 08-2126, 2013 WL 4718949, at *4 (E.D. Pa. Sept. 3, 2013) (collecting cases). "It has been approvingly cited by the Third Circuit as being well developed and has been found by the Eastern District of Pennsylvania to be a fair reflection of the prevailing market rates in Philadelphia." *Id.* (internal quotation marks omitted). Under the CLS

Fee Schedule, an attorney with 16-20 years of experience charges an hourly rate of between $305 and $350.  Community Legal Services of Philadelphia, *Attorney Fees*, http://clsphila.org/about-cls/attorney-fees.  These rates "are based on Philadelphia law firm market survey data and increases in the Consumer Price Index."  *Id.*

Ackourey requests $373.60 in costs, which consist of a $300 filing fee and $23.60 for international certified mail service of the Complaint.  Additionally, Ackourey requests $9,485 in attorney's fees based on 27.1 hours expended by his attorney on the matter at an hourly rate of $350.  Ackourey's counsel has filed a declaration, which includes a billing sheet detailing the services rendered.  Ackourey's attorney has been practicing law for twenty years.  The hourly rate of $350 is reasonable for an attorney who has been practicing for twenty years.  Additionally, the number of hours expended is reasonable for the services rendered.  Therefore, I will grant Ackourey's request for attorney's fees and costs.  Defendants will be ordered to pay attorney's fees in the amount of $9,485 and costs in the amount of $373.60.

## VI. CONCLUSION

For the reasons set forth above, I will grant Ackourey's motion for default judgment.  A default judgment will be entered awarding Ackourey $300,000 in statutory damages, $9,485 in attorney's fees, and $373.60 in costs.

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:    Copies **MAILED** on _____ to:

8